Spencer, J.
This case has been twice ably argued. My mind is fully satisfied, and I am sure without biass. When this case was first stirred, I inclined to be of opinion for the defendant: but when the authorities and reasons were examined, on the second argument, they were evidently inapplicable to the present case. We have taken great consideration of this cause, and are now clearly of opinion, that the remainder carries with it the increase. The intermediate estate is satisfied fully by the labour of the negro—Labour is a use that may be commanded by the person, who has the estate; breeding is the order of nature, not of the master, This use must be such a use as the owner may command. The life estate might exhaust the whole estate, the remainderman would take an incumbrance, instead of a benefit. As to the children being an incumbrance on the life estate, the donee or legatee is a volunteer, and people are generally of a different opinion, as to thinking a breeding wench a loss.
Ashe, J.
This is a question of great importance; much property depends upon it, and it is in some measure moved for this reason. We have had it twice solemnly, and I say with pleasure, ably argued—I perfectly coincide in opinion with my brother Spencer, upon the gift, the jus proprietatis passed to the donee a mere temporary use, limitted by the life of the donor, and the jus possessionis alone remained. This case has been likened to a devise; there would be no difference, the remainderman is always the principal object of the testator’s bounty; and the intermediate estate is well satisfied by the labour—Judge Spencer says something was held out *24 to the daughter: this was to be a beneficial estate, carrying with every possible certainty, this case would admit; thus the increase compensated the loss of value by age, labour, and breeding. would be in vain to look for cases in point in the English reporters: they never possesed property exactly similar; their villains we not in all respects in the same condition with our slaves. If a person was to hire out a negro for a year, or a number of years, or do wife her for a number of years, or for a time uncertain as a life, and this happens every day, would any man say that, in the first cause stated, the hirer was to have the issue ? yet the counsel for the defendant could not distinguish this case from the present : altho’ it was repeatedly pressed upon them by the counsel for the plaintiff.
Reason, equity and the general opinion, which I suppose relied professional, or judicial opinions formerly given, are all strongly favour of the plaintiff. Men must be permitted to provide for the various conditions of their families, out of this kind of property. In this country, it makes a large part of our estates.—It is a commond thing to leave some negroes to the wife for life, and to children afterwards; the construction has been uniform ever since the settlement of this country; that the issue went to the remainderman; the labour has been all that was intended or understood for the use or intermediate estate. As I said in the case of hire, the increase revert the person who has the property; so the increase go to the person who has the jus proprietatis, not inconsistent with, but conformable to the rule.
This construction is founded in justice and policy, as it accommodates this property to the provision of families, and I think it is agreeable to the principles of law. Construction, having obtained for a great length of time, and universal practice ought to be satisfactory evidence of their adoption under legal authority. Therefor enter judgment for the Plaintiff.
Spencer, J.
-The person who has the remainder surely has the jus proprietatis; the person who has the absolute property must have the increase; if the special proprietor could claim it, it must occasion infinite disputes.
The increase cannot be separated from the absolute property. It is a case peculiar to this country. We must have recourse to general principles of justice and policy: and the authority of generally received opinions ought to have great weight, supported by long adoption in cases of property.